IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KELLY J. LEE,                    )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-11-004-KEW
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## OPINION AND ORDER

Plaintiff Kelly J. Lee (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 16, 1962 and was 47 years old at the time of the ALJ's decision. Claimant completed her GED. Claimant has worked in the past as a licensed practical nurse and waitress. Claimant alleges an inability to work beginning December 15, 2006 due to limitations resulting from bipolar disorder, depression, hyperthyroidism, and rheumatoid arthritis in her hands

and hips.

## Procedural History

On June 2, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 26, 2009, an administrative hearing was held before ALJ Charles Headrick in Tulsa, Oklahoma. On November 4, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On October 29, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to properly weigh Claimant treating physician's opinion.

4

## Discussion

Claimant contends the ALJ failed to attribute the proper weight to the opinion of his treating physician, Dr. Sarah Janes. Dr. Janes began treating Claimant on August 21, 2007. Dr. Janes diagnosed her with bipolar disorder and obsessive compulsive disorder. (Tr. 290). Claimant reported she intended to resume therapy and begin working. Id.

On October 15, 2007, Claimant reported to Dr. Janes that she "had a nervous breakdown" since her last visit. She was irritable and moody, increased energy, increased distractibility, and racing thoughts. Claimant reported being depressed much of the time. Claimant attributed her depression to her son going back to prison. Claimant was diagnosed with bipolar disorder and alcohol dependence. (Tr. 273).

On January 5, 2009, Dr. Janes (now Lands) attended Claimant. Claimant reported that she had trouble sleeping but admitted she had poor sleep hygiene and slept during the day. Dr. Janes found Claimant to be alert and oriented x3, well-groomed, adequate hygiene, mood euthymic, affect congruent, no suicidal ideation, no homicidal ideation, no psychosis, attention/concentration adequate, motor activity within normal limits, and judgment/insight average. Dr. Janes diagnosed Claimant with bipolar disorder and alcohol

5

dependence.  (Tr. 382).

On June 23, 2008, Dr. Janes completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) on Claimant.  She determined Claimant was markedly restricted in the areas of maintaining regular attendance and being punctual within customary, usually strict tolerances, accepting instructions and responding appropriately to criticism from supervisors, dealing with normal work stress, understanding and remembering detailed instructions, dealing with stress of semi-skilled and skilled work, and using public transportation.  (Tr. 335-36).  Dr. Janes found Claimant to be "extremely" limited in the area of completing a normal workday and workweek without interruptions from psychologically based symptoms.  (Tr. 335).

In the ALJ's decision, he found that "the evidence is persuasive that Dr. Janes merely signed the [Medical Source Statement] and did not actually complete it."  He also found some of the findings were administrative in nature and not medical, such as the RFC.  The ALJ did not give Dr. Janes' opinion controlling weight because (1) it addressed issues reserved to the Commissioner; (2) it is in conflict with the treatment records from Family & Children's Services; and (3) it is inconsistent with the other substantial evidence in the medical record.  (Tr. 15).

In deciding how much weight to give the opinion of a treating

6

physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support

or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

With regard to the ALJ's assumption that Dr. Janes did not complete the Medical Source Statement, he refers to a note from April 17, 2008 in which it is stated, "CM informed clt that Dr. Janes request (sic) to see the clt one more time before she signs the SSI assessment. CM explained to clt that she will need to get worked in with Dr. Janes." (Tr. 396). The ALJ impermissibly extrapolates that this statement demonstrates the opinion on Claimant's functional limitations are not those of Dr. Janes. This assumption is an insufficient basis to reduce the controlling weight to which Dr. Janes' opinion is entitled. The statement is ambiguous at best - Dr. Janes may have prepared the statement and

wanted to confirm the results. If the ALJ suspected that the statement was not authored by the physician, he was obligated to recontact the physician and determine the facts, not assume them.

Moreover, the ALJ states that the records at Family & Children's Services conflict with Dr. Janes' opinions but does not specify the inconsistencies thereby making it impossible for this Court to evaluate his reasoning on this point. Similarly, he states the opinion is inconsistent with "the other substantial evidence as noted above" but this Court finds not other evidence in his recitation of the facts from other sources which directly conflict with Dr. Janes' findings. Consequently, the matter will be remanded to the ALJ for further evaluation of the opinions of Claimant's treating physician under the <u>Watkins</u> rubric. Should the ALJ find an irreconcilable conflict in the evidence, he shall employ a consultative examiner to assist in his evaluation and decision.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the**

9

matter **REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE